IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENITA NIKIFOROVITCH, ) <br> ) <br> Plaintiff, ) <br> ) Case No.: 1:20-cv-3921 <br> vs. ) <br> ) <br> ) <br> AETNA LIFE INSURANCE COMPANY ) <br> ) <br> ) <br> Defendant. ) | |

COMPLAINT
EMPLOYEE RETIREMENT INCOME SECURITY ACT

COMES NOW Plaintiff Benita Nikiforovitch, by and through undersigned counsel, pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et. seq.*, and for her cause of action against defendant Aetna Life Insurance Company (hereinafter "Aetna"), respectfully states the following:

1. Plaintiff, Benita Nikiforovitch (hereinafter "Ms. Nikiforovitch") brings this action against Defendant Aetna for damages caused by the Defendant's breach of statutory, contractual and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2. This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this

District, the breaches of duty herein alleged occurred in this District, and Defendants reside or are found in this district.

**Parties**

4. Ms. Nikiforovitch is an individual residing in St. Louis County, State of Missouri. Ms. Nikiforovitch is a vested participant in a Group Insurance Policy for certain employees of Boeing, which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a).

5. Defendant Aetna provides coverage for certain employees of Boeing under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002. Specifically, Aetna provides long term disability benefit (hereinafter "LTD") through insurance coverage.

6. Aetna is an insurance company incorporated in Connecticut and is doing business in Illinois under a license to do business as a Foreign Insurance Company. Aetna administers and pays benefits under the terms of the LTD plan and is a fiduciary within the meaning of 29 U.S.C. §1002(16),

7. Boeing serves as the plan administrator and sponsor under the meaning of 29 U.S.C. § 1002(16).

8. Boeing's principal place of business is located in this district and the insurance policy at issue was delivered in the State of Illinois.

9. 50 Ill. Adm. Code 2001.3 is an Illinois law that regulates insurance.

10. The standard of review in this case is *de novo*, as 50 Ill. Adm. Cod 2001.3 regulates the insurance policy in this case and requires that it "may not contain a provision purporting to reserve the discretion to the health carrier to interpret the terms of the contract, or to provide standards of interpretation or review that are inconsistent with the laws of Illinois."

**Count I**
**Denial of Benefits Pursuant to 29 U.S.C. §1132(a)(1)(b)**

11. In November of 2015 Ms. Nikiforovitch underwent brain surgery to remove her pituitary gland, following which Ms. Nikiforovitch was forced to stop working and became disabled due to symptoms and side effects caused by the surgery and underlying ailment. Principally, she experienced persistent migraine headaches, dizziness, cognitive problems, sleep disturbances depression and anxiety and severe diabetes insipidus.

12. As a result of Ms. Nikiforovitch's diagnosis and resulting disability, Ms. Nikiforovitch is unable to perform her job duties as an Engineer Technical Specialist 2 with Boeing.

13. As part of her employment with Boeing, Ms. Nikiforovitch was an eligible employee under a plan for long term disability benefits provided by Boeing for its employees.

14. On March 3, 2016, Aetna approved Ms. Nikiforovitch for Long Term Disability benefits – applied retroactively to November 25, 2015.

15. On December 22, 2017, Aetna informed Ms. Nikiforovitch's that it no longer found any evidence that she was disabled – from either her own or any occupation – and discontinued her long term disability benefits on the same date.

16. Ms. Nikiforovitch filed a timely appeal of Aetna's denial.

17. Included in her appeal, was a report from Ms. Nikiforovitch's medical providers outlining the debilitating side effects caused by the removal of Ms. Nikiforovitch's pituitary gland and the correlating effects on her ability to perform work duties.

18. Despite presenting objective evidence indicating that she was completely disabled and unable to perform "any occupation" as a result of her disability, Defendant upheld its denial of Ms. Nikiforovitch's long term disability benefits on August 12, 2018.

19. At all relevant times, Ms. Nikiforovitch has been under the care of licensed medical doctors.

20. As a result of the wrongful denial, Ms. Nikiforovitch has been damaged in the amount of unpaid benefits.

21. Ms. Nikiforovitch has exhausted all of her administrative remedies.

22. Although Plaintiff submitted medical documentation to Defendant Aetna in a timely and appropriate manner, Defendant denied Plaintiff's claim on a speculative inference that Plaintiff can now perform the material and substantial duties of any occupation; Defendant dismissed the assertions of Plaintiff's treating physicians that the side effects of her pituitary tumor resection prohibits her from working in any occupation;

23. Defendant Aetna failed to carefully consider Plaintiff's claim and chose to base their denial on speculation and conjecture; Defendant does not possess any right to base any aspect of their decision on speculation and conjecture as Plaintiff established that she is not now able to perform any occupation which she could become suited for by reason of training, education and experience and remains under the regular care of multiple doctors, and has incurred a total loss in her monthly earnings due to her injuries.

24. Defendant Aetna acted arbitrarily and capriciously in denying Plaintiff's claim

25. .For the reasons described above, Defendant Aetna acted in bad faith and breached its fiduciary duty to Plaintiff, operated under a conflict of interest due to the fact that Defendant Aetna, in reviewing and deciding the claim, had a financial incentive to deny Plaintiff's claim for long term disability and chose biased medical reviewers on the basis that they were likely to support a denial.

26. Defendant is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees and costs.

WHEREFORE, Plaintiff Benita Nikiforovitch respectfully prays for judgment against Defendant Aetna Life Insurance Company in the amount of unpaid past and future benefits, interest on past due sums, attorneys' fees and costs, and for any other such relief as the Court deems just and proper under the circumstances.

        GALLAGHER DAVIS, L.L.P.
        /s/ Mathew R. Davis
        Matthew R. Davis, #IL 6291499
        2333 S. Hanley Road
        St. Louis, Missouri 63144
        (314) 725-1780
        Fax: (314) 725-0101
        matt@gallagherdavis.com

        Local Counsel per LR83.15:
        Mark Debofsky
        DeBofsky, Sherman & Casciari P.C.
        150 N. Wacker Drive, Suite 1925
        Chicago, Illinois 60606
        (312) 561-4040
        Fax (312) 929-0309
        mdebofsky@debofsky.com